BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
AMY E. POTTER
Assistant United States Attorney
amy.Potter@usdoj.gov
405 E. 8th Avenue, Suite 2400
Eugene, OR  97401
Telephone:  (541) 465-6771
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  3:14-cr-00267-BR |
| v. | **RESPONSE TO MOTION TO AMEND PLEADINGS** |
| RAUL ARCILA, | |
| Defendant. | |

Defendant Raul Arcila has filed a motion to amend his § 2255, but it is unclear what claims he intends to add.  Until the claims are identified, it is impossible to know whether the claims are timely.  As such, Mr. Arcila needs to identify the claims he wishes to add.  Once he does so, the government will be able to respond.

ARGUMENT

Federal Rule of Civil Procedure 15 governs amendments to existing § 2255 motions. Rule 15(a)(1) allows a party to amend a pleading once "as a matter of course," when that motion is made within 21 days.  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2) provides that other amendments

require "the opposing party's written consent or the court's leave," but it makes clear that "[t]he court should freely give leave when justice so requires." *Id*. 15(a)(2). To the extent that Mr. Arcila now wishes to amend his § 2255 motion, he, as a pro se defendant, should be permitted to add timely claims. While it is more than 21 days after the initial filing, no response has been filed and the government believes that justice is served in this situation. But, the government objects to any claims that are outside of the statue of limitations contained in § 2255.

The issue with Mr. Arcila's current motion is that it does not identify how he wishes to amend the motion. In addition to the time limits in Rule 15, Mr. Arcila must comply with the statutory requirements in § 2255. The Supreme Court denied certiorari in Mr. Arcila's case on October 15, 2018. (ECF No. 269). His judgment, therefore, became final on that date and Mr. Arcila was required to file a § 2255 petition by October 15, 2019. *See Washington v. United States,* 243 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (citing cases). Mr. Arcila's initial petition was, therefore, timely filed. But, the question of whether any additional claims are timely will require a careful review of the claims to determine whether they relate back to the original claims. *See* Fed. R. Civ. Pro. 15(c); *see also Krupski v. Costa Crociere, S. p. A.*, 560 U.S. 538, 541 (2010).

Claims in an amended § 2255 to relate back to the original filing, when "the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 664. Notably, new claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance of counsel claims "simply because they violate the same constitutional provision." *United States v. Gonzalez,* 592 F.3d

675, 680 (5th Cir. 2009) (per curiam) (holding claim of ineffective assistance of counsel for failing to file a notice of appeal did not relate back to allegations of errors at sentencing).

The government does not believe any amended claims are contained in Mr. Arcila's memorandum in support of his § 2255 motion. (ECF No. 286). The government will to respond to the claims in the memorandum, including any issue of timeliness, in its response to that pleading. If Mr. Arcila has additional claims, those claims should be identified well in advance of the government's response deadline, so that the government is able to object on timeliness ground or address the merits of such claims.

The government, therefore, respectfully requests that the Court order Mr. Arcila to provide notice of additional claims or file an amended pleading, but defer any ruling as to whether any new claims are timely until the government has the opportunity to review them and respond.

With this response, the government is also notifying Mr. Arcila that the issue of whether new § 2255 claims relate back to the original § 2255 filing can be a complicated legal issue. Mr. Arcila has thus far declined to request appointment of counsel despite this Court's instruction that he must do so. (ECF No. 281). If Mr. Arcila intends to request counsel, the government believes it would be most effective to do so before the government's current response deadline of February 5, 2020.

DATED: January 10, 2020.

    Respectfully submitted,

    BILLY J. WILLIAMS
    United States Attorney

    *s/ Amy E. Potter*
    AMY E. POTTER
    Assistant United States Attorney