IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAUL ARCILA,

        Defendant.

No. 3:14-cr-00267-HZ-3

OPINION & ORDER

Leah K. Bolstad
United States Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

    Attorney for Plaintiff

Elizabeth Gillingham Daily
Office of the Federal Public Defender
101 SW Main St, Ste 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Raul Arcila moves for a reduction of his sentence to 156 months for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. For the following reasons, the Court denies the motion.

## BACKGROUND

On November 6, 2015, Defendant was convicted of conspiracy to distribute heroin resulting in death (count 1), conspiracy to distribute heroin, and possession with intent to distribute heroin. Verdict Form, ECF 205-1. The jury found that Defendant's distribution resulted in the victim's death and that the death was a foreseeable result of the conspiracy. *Id.* He was sentenced to 240 months on the first count. J. & Commitment, ECF 244. This was the mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(C). The Ninth Circuit affirmed Defendant's conviction and the application of the 20-year mandatory minimum sentence. *United States v. Arcila*, 727 F. App'x. 279, 281 (9th Cir. 2018). Defendant is serving his sentence at USP Lompoc. He has a projected release date of February 22, 2031. Gov. Resp. 5, ECF 355.

Defendant previously moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on March 28, 2022. ECF 320. The Court denied the motion at a hearing on November 21, 2022. ECF 344.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could

2 – OPINION & ORDER

file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  Extraordinary and compelling reasons warrant such a reduction; [ . . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

It is undisputed that Defendant exhausted his administrative remedies. Gov. Resp. 6. But Defendant has not shown extraordinary and compelling circumstances, and reducing his sentence would not be consistent with the sentencing factors or the applicable policy statement.

**I.      Extraordinary and Compelling Reasons**

The Sentencing Guidelines were recently amended, with the amendments taking effect on November 1, 2023. The Ninth Circuit held that under the previous version of the Guidelines, the Sentencing Commission's policy statement only applied to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 802. The Ninth Circuit based this conclusion on the text of the old policy statement, which was directed solely toward motions filed by BOP. *Id.* at 801. The new policy statement is directed toward motions filed by BOP or

3 – OPINION & ORDER

defendants. U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). The Sentencing Commission explained that the November 1, 2023, amendment "extends the applicability of the policy statement to defendant-filed motions." U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* (effective Nov. 1, 2023) at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Thus, *Aruda* is no longer good law to the extent that it held that the policy statement is not binding on motions filed by defendants. A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement.

The Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. U.S.S.G. § 1B1.13(b)(1)-(4). The policy statement also contains a catchall provision for other circumstances that, alone or when combined with circumstances from the specified categories, are "similar in gravity." *Id.* § 1B1.13(b)(5). Outside of narrow circumstances involving certain defendants who received an unusually long sentence, a change in the law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* § 1B1.13(c). It may, however, be considered to determine the extent of reduction if the district court finds other extraordinary and compelling reasons to reduce the sentence. *Id.*

The parties dispute the applicability of the Sentencing Commission's amended policy statement to Defendant's renewed motion. Defendant argues that the new policy statement does not apply because he filed the motion one day before the new Guidelines took effect. Def.

Renewed Mot. 6 n.1, ECF 348. The Government counters that the law should be applied as it exists at the time of adjudication, not the time of filing. Gov. Resp. 13 n.5 (citing *United States v. Espinoza-Morales*, 621 F.3d 1141, 1146 (9th Cir. 2010); U.S.S.G. § 1B1.11(a)). The authorities the Government cites provide that a sentencing court should apply the Guidelines in effect at the time of sentencing, unless they have undergone a substantive change that would disadvantage the defendant, in which case the Guidelines in effect at the time the offense was committed should be used to avoid violating the Ex Post Facto Clause of the Constitution. *Espinoza-Morales*, 621 F.3d at 1146; U.S.S.G. § 1B1.11(a), (b)(1).

The Court concludes that the new policy statement applies here. Defendant provides no authority for the proposition that the date he filed his motion determines which version of the Guidelines governs. Nor does he argue that applying the new policy statement would violate the Ex Post Facto Clause.[1] Other district courts have held that the new policy statement governs compassionate release motions filed before the new Guidelines went into effect but adjudicated after November 1, 2023. *E.g.*, *United States v. Chavez*, No. 18-CR-5436-GPC, 2024 WL 24065, at *2-*3 (S.D. Cal. Jan. 2, 2024); *United States v. Cunningham*, No. CR 12-60-GF-BMM, 2024 WL 50908, at *2 (D. Mont. Jan. 4, 2024); *United States v. Carrera Ramirez*, No. 2:00-CR-105-3 TS, 2024 WL 54429, at *3 (D. Utah Jan. 4, 2024).

The Court further concludes that the result is the same under either version of the Guidelines. Defendant's current motion relies on the arguments he made in his previous motion.

---

[1] Ninth Circuit caselaw suggests that application of the new policy statement would not violate the Ex Post Facto Clause. *See United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014) (holding that application of amended Guideline governing motions for sentence reduction under § 3582(c)(2) that restricted the district court's discretion to lower a defendant's sentence did not violate the Ex Post Facto Clause because it did not increase the defendant's punishment beyond what it would have been without the amendment).

Def. Renewed Mot. 4-5. In that motion, Defendant argued that his 20-year mandatory minimum sentence was a trial penalty that was disproportionate to the seriousness of his conduct and created an unwarranted disparity with the sentences of his codefendants. *Id.* at 4; Def. Mot. 8-13, ECF 320. Defendant also relied on his rehabilitation, the conditions of confinement during the pandemic, his health conditions, and the withholding of First Step Act credits. Def. Mot. 12-23. The Court considered all of these factors and concluded that even taken together, they did not rise to the level of extraordinary and compelling. Def. Renewed Mot. Ex. A (hearing transcript).

Defendant's Renewed Motion also relies on a catchall, cumulative circumstances argument, which is permitted under both the old and new Guidelines. To the extent that the new Guidelines would not allow the Court to consider any changes in the law that might affect Defendant's case, Defendant has not pointed to any such changes in the law in his Renewed Motion. The Court considered all of the factors Defendant raised in his prior motion and found they were not extraordinary and compelling. Nothing in the new Guidelines changes that result.

In his present motion, Defendant relies primarily on his continued rehabilitation over the year since his previous motion for compassionate release was denied. Def. Renewed Mot. 8-9. He points to evidence that he has taken many classes and completed various training programs. *Id.* Exs. B, C. He is now eligible for First Step Act credits, and was assessed as low risk at his most recent assessment, in June 2023. *Id.* Ex. D. Defendant also provides letters from his parents, who state that they would provide him with housing, moral support, and employment if he were released. *Id.* Ex. E. Finally, Defendant points to his relative youth (age 24) at the time he committed his offenses. Def. Renewed Mot. 7.

The Government counters that one of the circumstances Defendant previously relied on—his ineligibility for First Step Act credits—no longer exists. Gov. Resp. 8. As a result of his

newfound eligibility, Defendant's projected release date has been moved from February 2032 to February 2031. *Id.* While the Government agrees that Defendant's rehabilitation has been strong in the past year, it argues that simply following the rules and availing oneself of programming opportunities is not extraordinary and compelling. *Id.* at 8-9. The Government also notes that Defendant provides no updates on his health or conditions of incarceration and points to no changes in his family circumstances. *Id.* at 7.

The Court agrees with the Government. Defendant has not shown a significant change in circumstances since his last motion such that compassionate release is now warranted. He has shown progress in the right direction, which is commendable, but his circumstances are not extraordinary and compelling. He provides no updated argument on his health or conditions of confinement and points to no urgent circumstances. He is now receiving First Step Act credits. One more year of rehabilitation does not make his case extraordinary and compelling.

Relying in part on a hypothetical in the amended Guidelines, Defendant argues that his young age at the time he committed the offense, combined with rehabilitation, could constitute extraordinary and compelling circumstances. Def. Renewed Mot. 7. The Sentencing Commission suggested that those two factors could be found to be extraordinary and compelling, and if they were, a non-retroactive change in the law could serve as a guide to determine the extent of an appropriate reduction in the defendant's sentence. U.S. Sentencing Commission, *Amendments to the Sentencing Guidelines* at 12. The Court finds that Defendant's age at the time of offense and his rehabilitation are not extraordinary and compelling. Defendant was 24 at the time of his offense, and while he argues that his rehabilitation is "exceptional," Def. Mot. 7, his risk assessment was medium until his most recent assessment, *id.* Ex. D. The Court commends

7 – OPINION & ORDER

Defendant for his recent progress, but he has not shown extraordinary and compelling circumstances.

## II.    Sentencing Factors

The Court also concludes that the sentencing factors do not favor a reduction of Defendant's sentence. The first six factors are relevant here. These factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to, among other things, "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant"; (3) "the kinds of sentences available"; (4) "the kinds of sentence and sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines"; (5) "any pertinent policy statement," and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(6).

As the Government points out, Defendant's conduct was serious. Gov. Resp. 10-11. Defendant has several prior convictions and often violated the conditions of probation or supervision. *Id.* at 11. While Defendant has shown recent progress, the first and second factors do not favor a reduction in his sentence. As for the third, fourth, and sixth factors, Defendant was sentenced to the mandatory minimum, below the guideline range. He has not shown circumstances justifying a departure from that sentence.

## III.    Policy Statement

The Government argues that reducing Defendant's sentence would be inconsistent with the Sentencing Commission's policy statement. Gov. Resp. 13-14. Defendant does not address

8 – OPINION & ORDER

the policy statement, instead arguing that the most recent version of the Guidelines does not apply. The Court has concluded that it does. Even if the policy statement did not apply, Defendant has failed to show extraordinary and compelling circumstances and has not shown that reducing his sentence would be consistent with the sentencing factors. Consideration of the policy statement does not change the outcome here.

The Government points to the policy statement's directive to consider whether Defendant is a danger to the community. Gov. Resp. 13 (citing U.S.S.G. § 1B1.13(a)(2)). This analysis is similar to the analysis above addressing the first two sentencing factors. Ultimately, while Defendant has shown recent progress, his offense was serious, he has other criminal history, and he violated the conditions of supervised release and parole for other offenses. The Court is not prepared to conclude that reducing Defendant's sentence would be consistent with the policy statement. In sum, Defendant has not shown extraordinary and compelling reasons under either the current or previous versions of the Guidelines, and reducing his sentence would not be consistent with either the sentencing factors or the applicable policy statement.

## CONCLUSION

The Court DENIES Defendant's Renewed Motion to Reduce Sentence [348].

IT IS SO ORDERED.

DATED:_____February 12, 2024_____.

_____
MARCO A. HERNANDEZ
United States District Judge

9 – OPINION & ORDER