IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,　　　　　　　No. 3:14-cr-00267-HZ-3

　　　　　　Plaintiff,　　　　　　　　　　　　　　OPINION & ORDER

　　　v.

RAUL ARCILA,

　　　　　　Defendant.

Leah K. Bolstad
United States Attorney's Office
1000 SW Third Ave, Ste 600
Portland, OR 97204

　　　Attorney for Plaintiff

Elizabeth Gillingham Daily
Office of the Federal Public Defender
101 SW Main St, Ste 1700
Portland, OR 97204

　　　Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Raul Arcila moves for reconsideration of this Court's denial of his motion for compassionate release. For the following reasons, the Court denies the motion.

## BACKGROUND

Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on March 28, 2022. ECF 320. The Court denied the motion at a hearing on November 21, 2022. ECF 344. On October 31, 2023, Defendant filed a renewed motion to reduce his sentence. ECF 348. The Court issued an opinion and order denying the motion on February 12, 2024. ECF 359. Defendant moved for reconsideration on February 27, 2024. ECF 360. After the Government filed a response at the Court's direction, the Court took the motion under advisement on March 29, 2023. ECF 362, 363.

## STANDARDS

"Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases." *United States v. Kim*, No. CR 13-00303 SOM, 2022 WL 17820902, at *1 (D. Haw. Dec. 20, 2022). District courts rely on the standards in Federal Rules of Civil Procedure 59(e) and 60(b). *Id.*

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also

be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

## DISCUSSION

Defendant presents four arguments in favor of reconsideration. First, he argues that the Court erred in applying the most recent version of the Sentencing Guidelines to his motion for a sentence reduction. Def. Mot. 2. Second, he argues that the Court undervalued his rehabilitation efforts. *Id.* Third, he argues that a retroactive amendment eliminating criminal history status points reduced his guideline range by 32 months. *Id.* Fourth, he argues that the Court did not fully address the relevant sentencing factors. *Id.* Because none of the first three arguments presents a valid basis for reconsideration, the Court adheres to its conclusion that Defendant has not shown extraordinary and compelling reasons to reduce his sentence and therefore declines to consider Defendant's argument about the sentencing factors.

**I.    Retroactivity of the Sentencing Commission's Policy Statement**

In denying Defendant's renewed motion for a sentence reduction, the Court concluded that the Sentencing Commission's new policy statement, which took effect on November 1, 2023, governed. Op. & Ord. 5. Defendant filed his motion on October 31, 2023. The Court noted that Defendant had provided no authority for the proposition that the date he filed his motion determined which version of the policy statement governed, and agreed with the Government that applying the new policy statement would not offend the Ex Post Facto Clause of the Constitution. *Id.* at 4-5. The Court noted that other district courts had applied the new policy statement to motions filed before November 1, 2023, but adjudicated after that date. *Id.* at 5. The Court also concluded that "the result is the same under either version of the Guidelines." *Id.*

Defendant now argues that factors other than the Ex Post Facto Clause dictate that the previous version of the policy statement should have governed the adjudication of his motion. Def. Mot. 3-8. He presents arguments he should have presented in his initial motion for a sentence reduction.[1] Because the Court concluded that Defendant had not shown extraordinary and compelling reasons to reduce his sentence under either version of the policy statement, any error in applying the new policy statement was not material to the outcome and thus fails as a basis for reconsideration. Nevertheless, the Court has considered Defendant's arguments and concludes that it properly applied the new policy statement.

Both parties cite cases addressing the retroactive application of statutes, which are relevant because the Sentencing Guidelines are interpreted according to traditional rules of statutory construction. *United States v. Scheu*, 83 F.4th 1124, 1128 (9th Cir. 2023). "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994) (citation omitted). "The conclusion that a particular rule operates 'retroactively' comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." *Id.* at 270. In determining whether application of a statute is retroactive, "familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance." *Id.*

If a statute is silent on whether it applies to events predating its enactment, "the court must determine whether the new statute would have retroactive effect, *i.e.,* whether it would

---

[1] Defendant notes that the Court denied his motion for extension of time to file a reply. Def. Mot. 3. The Government notes that Defendant did not cite any authority in his renewed motion for a sentence reduction in asserting that the new policy statement did not apply. Gov. Resp. 4.

4 – OPINION & ORDER

impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." 511 U.S. at 280. If it would, then the presumption is that the statute does not apply "absent clear congressional intent favoring such a result." Id.

The Court concludes that applying the new policy statement would not have retroactive effect in this case. Applying the new policy statement did not impair any of Defendant's rights because he had the same statutory right to apply for a discretionary reduction in his sentence. Defendant points to no vested rights that were impaired by the application of the new policy statement; rather, he points to his reliance on the same arguments he made in his first motion to reduce his sentence. Defendant's hope that his arguments would be successful with the passage of time is insufficient to establish a vested right. See Montoya v. Holder, 744 F.3d 614, 616 (9th Cir. 2014) (indicating that a right may be vested if the individual took action that "elevate[d] [the expectation] above the level of hope") (internal quotations omitted). And Defendant identifies no new duties imposed on his past conduct by the new policy statement.

Defendant relies on Cort v. Crabtree, 113 F.3d 1081 (9th Cir. 1997). Def. Mot. 4-5. In Cort, the Bureau of Prisons ("BOP") initially determined that the appellants, three prisoners, were statutorily eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), "which authorizes [BOP] to grant a sentence reduction of up to one year to prisoners convicted of 'nonviolent offenses' who complete a substance abuse treatment program." 113 F.3d at 1082. But before the appellants could finish the treatment program, BOP reinterpreted "nonviolent offenses" and notified the appellants that they were no longer eligible for the sentence reduction under the new definition. Id. The Ninth Circuit concluded that BOP "could and did determine prospectively that appellants and others already in the program were eligible for sentence

reduction subject only to their successful completion of the 500-hour program." *Id.* at 1085. The Ninth Circuit held that BOP erred in disrupting the "settled expectations" of prisoners "who had already undergone numerous hours of treatment and whose eligibility it had already determined" absent language in the notice given to the appellants compelling a retroactive application of the new interpretation. *Id.* at 1086.

      This case is not like *Cort*. Key to the holding in *Cort* was that when BOP changed its interpretation of the early release statute, it had already told the appellants that they were eligible for a sentence reduction as long as they underwent the treatment, and the appellants started the treatment program based on that determination. The Government correctly states that *Cort* does not apply because Defendant "had no 'settled expectation' that he was eligible from a formal decision that the decision-maker later reversed on its own changed interpretation of law." Gov. Resp. 7. The Court denied Defendant's initial motion to reduce his sentence and made no rulings or promises establishing what he had to do to succeed on a future motion. The only expectation Defendant could reasonably have had when he filed his renewed motion was that he was entitled to seek a discretionary sentence reduction if he showed extraordinary and compelling reasons to do so. He was not entitled to assume that the reasons he presented were sufficient, as he had never been told that they were.

      The other considerations of retroactivity are also different here compared to *Cort*. The nature and extent of the change in the policy statement was not of such a degree that applying it here would work an injustice. And as the Government notes, the amendments to the policy statement had been pending since April 2023, and Defendant moved for a sentence reduction more than five months later knowing they would take effect the day after he filed it. Gov. Resp. 7. Defendant had fair notice of a change in the policy statement. Nor has Defendant shown that

he detrimentally relied on the old policy statement. While he argues that applying the new policy statement to motions filed before it took effect could require someone "to exhaust claims on prospective grounds that are not yet cognizable," Def. Mot. 7, he expressly relied on the same grounds in his renewed motion as in his initial motion.

Defendant argues that the new policy statement should not apply because "[t]here is no language in § 1B1.13 that requires courts to apply its amendments retroactively to cases that were exhausted and filed before its enactment date." Def. Mot. 5. Defendant contrasts § 1B1.13 with § 1B1.10, which governs sentence reduction motions under 18 U.S.C. § 3582(c)(2). Def. Mot. 5-6. Section 1B1.10 contains a note directing the district court to use the version of the policy statement in effect on the date the term of imprisonment is reduced, consistent with § 1B1.11. U.S.S.G. § 1B1.10, cmt. 9 (2023). Because no such language appears in § 1B1.13, Defendant argues, the policy statement does not apply retroactively. Def. Mot. 6-7. As the Court has concluded that the application of the new policy statement here does not present retroactivity concerns, the absence of any language on retroactivity in the policy statement is not dispositive.

The Government also notes that Defendant relied on the new policy statement in renewing his motion for a sentence reduction. Gov. Resp. 6 (citing ECF 348 at 6-7). Defendant argued both that the new policy statement did not apply and that it supported his arguments. The Court rejected Defendant's arguments under either version of the policy statement. Op. & Ord. 5-6. The Court adheres to its conclusion that the new policy statement applies, but even if it did not, application of the new policy statement is not a basis to reconsider the denial of Defendant's renewed motion to reduce his sentence. Defendant did not show extraordinary and compelling reasons to reduce his sentence under the old policy statement either.

7 – OPINION & ORDER

**II.     Assessment of Rehabilitation**

Defendant argues that the Court undervalued his rehabilitation in determining whether he presented extraordinary and compelling reasons to reduce his sentence. Def. Mot. 8-13. In his renewed motion for a sentence reduction, Defendant explained that he had completed more community college classes and was only three classes away from graduating. ECF 348 at 8. He stated that his GPA had increased from 3.069 to 3.460 over the last year. *Id.* He noted that he also took institutional courses and worked in food service. *Id.* He became eligible for First Step Act credits. *Id.* He noted that he had support from his family. *Id.* at 9.

The Court considered all of the above evidence. Op. & Ord. 6. The Court concluded that Defendant "has shown progress in the right direction, which is commendable, but his circumstances are not extraordinary and compelling." *Id.* at 7. Noting that Defendant provided no updates on his health or conditions of confinement and pointed to no urgent circumstances, the Court concluded that "[o]ne more year of rehabilitation [since the initial motion for a sentence reduction] does not make his case extraordinary and compelling." *Id.* at 7.

Defendant explains that he never intended to show a significant change in his circumstances, but rather he believed after his first denial that his reasons were nearly sufficient to warrant a sentence reduction. Def. Mot. 8. He therefore believed that a modest change in circumstances would be sufficient. *Id.* In denying Defendant's first motion for a sentence reduction, the Court assessed all of the circumstances Defendant raised and stated, "the question to the Court's mind is that does it still add up to extraordinary and compelling circumstances, and at this juncture in his incarceration, the answer to this Court is no." Hearing Tr. 31, ECF 347. The Court denied the motion "at least now." *Id.* at 32. Defendant filed a renewed motion to reduce his sentence less than one year after his first motion was denied, relying on continued

rehabilitation. The only notable change was that he became eligible for First Step Act credits, which mooted his argument that his ineligibility for those credits supported his motion for a sentence reduction. Under these circumstances, the Court sees no basis to reconsider its decision.

Defendant explains that he has nearly completed his college degree and that this is very uncommon for inmates. Def. Mot. 10-12. The Court previously recognized Defendant's studies and commended him for his progress. Op. & Ord. 7. Defendant is to be congratulated for completing his course of study. However, Defendant's arguments about why his rehabilitation is extraordinary and compelling are expansions on his previous arguments. Defendant does not argue that the Court failed to consider any of his evidence about his education; he only disagrees with how the Court evaluated it. That Defendant disagrees with the Court's evaluation of the evidence is not a basis for reconsideration.

Finally, Defendant corrects the record to state that his recidivism risk score was updated to low in August 2022. Def. Mot. 12-13. The Court notes this correction and therefore disavows its statement (which was consistent with some of the evidence Defendant initially presented) that his risk assessment continued to be medium into 2023. *See* Op. & Ord. 7. But this correction does not change the Court's conclusion that Defendant's rehabilitation, while strong, does not bring Defendant's circumstances to the level of extraordinary and compelling.

### III.    Amendment 821

Defendant's third argument in support of reconsideration relies on Amendment 821 in the new Sentencing Guidelines, which retroactively eliminated or reduced "status points" that were added based on committing the instant offense while under a criminal justice sentence. Def. Mot. 13-14. Defendant argues that with the elimination of his status points, his criminal history category would be reduced from IV to III, and the low end of his guideline range would be

decreased by 32 months, from 324 months to 292 months. *Id.* at 14. Defendant notes that he is ineligible to reduce his sentence under 18 U.S.C. § 3582(c)(2) because he received the mandatory minimum sentence. *Id.*

The Government asserts that Defendant's argument is improper because it was raised for the first time in this Motion. Gov. Resp. 10 (quoting *Kona Enterprises*, 229 F.3d at 890 ("A [Federal Rule of Civil Procedure] 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.")). The Court agrees that Defendant could have made this argument in his renewed motion for a sentence reduction, which extensively discussed the Amended Guidelines. That alone is a basis to deny reconsideration.

The Government argues that "there is nothing extraordinary about defendant being subject to the same § 3582(c)(2) ineligibility grounds as all other defendants in the federal criminal justice system." Gov. Resp. 10. The Government also asserts that even if Amendment 821 applied to Defendant, it would not result in a lower sentence. *Id.* The Government is correct.

The Court found that Defendant's criminal history category was III. Statement of Reasons 1, ECF 245. Defendant's guideline range was 292 to 365 months. *Id.* Defendant's criminal history score as calculated in the presentence report was seven, including two points that were added to his criminal history score because he committed the instant offense while on probation. PSR ¶¶ 46-48, ECF 231. While a score of seven corresponds to criminal history category IV, the Court downwardly departed to category III based on the nature of Defendant's criminal history and his prospects for rehabilitation. Sentencing Hearing Tr. 42-44, ECF 258. Under Amendment 821, Defendant would not receive any status points. U.S.S.G. § 4A1.1(e). He would have a criminal history score of five. This corresponds to criminal history category III, the

same category applied at sentencing. Thus, the same guideline applied at sentencing would apply if Defendant qualified for a reduction in his status points under Amendment 821. Amendment 821 provides no basis to reconsider Defendant's motion.

IV.   **Assessment of Sentencing Factors**

Defendant's fourth argument in favor of reconsideration is that in assessing the sentencing factors, the Court did not address his arguments about his role in the offense and the disparity between his sentence and the sentences of his codefendants. Def. Mot. 15. Because the Court has found no basis to reconsider its conclusion that Defendant did not show extraordinary and compelling reasons to reduce his sentence, the Court declines to address Defendant's argument about the sentencing factors.

## CONCLUSION

The Court DENIES Defendant's Motion for Reconsideration [360].

IT IS SO ORDERED.

DATED:\_\_\_\_May 6, 2024\_\_\_\_.

_____
MARCO A. HERNANDEZ
United States District Judge

11 – OPINION & ORDER